UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

PEDRO VENTURA,

                                      Plaintiff,

        -against-                                  **COMPLAINT**

RKB ABOVE, INC.                                   **FLSA COLLECTIVE**
d/b/a ROLLY KIMBAB,
JAMES KANG and
JUNG HYUN KANG,
individually,

                                      Defendants.

---------------------------------------------------------------------------X

       Plaintiff Pedro Ventura (hereinafter referred to as "Ventura" or "Plaintiff"), on behalf of himself and all other similarly situated current and former employees, by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of RKB Above, Inc. d/b/a Rolly Kimbab ("Rolly Kimbab"), James Kang and Jung Hyun Kang (collectively "Defendants"), alleges the following:

## NATURE OF THE ACTION

1.    This is a civil action brought by Plaintiff to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and all other similarly situated non-exempt workers work or have worked as kitchen workers for Rolly Kimbab.

2.    Plaintiff brings this action on behalf of himself and all other similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants.

3. Plaintiff worked at Rolly Kimbab, located at 61-23 Springfield Blvd, Oakland Gardens, New York 11364, from on or about February 2013 through on or about July 1, 2021.

4. In addition, Defendants failed to provide Notice and Acknowledgement of Pay Rate and Payday under Section 195(1) of the NYLL as well as accurate wage statements as required under Section 195(3) of the NYLL.

5. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for Defendants' failure to pay overtime wages, liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

7. This Court has jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred within this district.

## PARTIES

**Plaintiff Pedro Ventura**

9. Plaintiff is and was at all times relevant hereto an adult individual residing in Queens County, New York.

10. Plaintiff worked at Defendants from on or about February 2013 through on or about July 1, 2021.

11. Plaintiff was employed by Defendants as a kitchen worker.

12. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendant RKB Above, Inc.**

13. On information and belief, RKB Above, Inc. is doing business as Rolly Kimbab.

14. Rolly Kimbab is a Korean restaurant located at 61-23 Springfield Blvd, Oakland Gardens, New York 11364.

15. At all times relevant to this action, Rolly Kimbab was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

16. On information and belief, James Kang maintains control, oversight and direction over Rolly Kimbab.

17. On information and belief, Jung Hyun Kang maintains control, oversight and direction over Rolly Kimbab.

18. On information and belief, Rolly Kimbab has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Defendant James Kang**

19. James Kang is a person engaged in business in Queens County, who is sued individually in his capacity as an owner, officer and/or agent of Rolly Kimbab.

20. On information and belief, James Kang is the owner of Rolly Kimbab.

21. James Kang exercises sufficient control over Rolly Kimbab to be considered Plaintiff's employer under the FLSA and NYLL, and at all time material hereto said defendant had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Rolly Kimbab.

22. James Kang had substantial control over Plaintiff's working conditions and practices alleged herein.

**Defendant Jung Hyun Kang**

23. Jung Hyun Kang is a person engaged in business in Queens County, who is sued individually in her capacity as an owner, officer and/or agent of Rolly Kimbab.

24. On information and belief, Jung Hyun Kang is the owner of Rolly Kimbab.

25. Jung Hyun Kang exercises sufficient control over Rolly Kimbab to be considered Plaintiff's employer under the FLSA and NYLL, and at all time material hereto said defendant had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Rolly Kimbab.

26. Jung Hyun Kang had substantial control over Plaintiff's working conditions and practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

27. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and all other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

28. The FLSA Collective consists of approximately 20 similarly situated current and former kitchen workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime wages.

29. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or

policy of violating the FLSA. This policy includes, inter alia, the following: failing to pay employees the applicable overtime rate for all time worked in excess of 40 hours per week.

30. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

31. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

32. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any work week, unless they are exempt from coverage.

33. Defendants failed to compensate Plaintiff and the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any work week. The exact accounting of such discrepancy can only be determined upon completion of discovery.

34. Plaintiff and the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## **FACTS**

35. Plaintiff was employed as a kitchen worker for Defendants from on or about February 2013 through on or about July 1, 2021.

36. Plaintiff's primary job duties as a kitchen worker were preparing and cooking food.

37. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours each week.

38. From the beginning of his employment through 2015, Plaintiff was paid a fixed weekly salary.

39. From 2016 through the conclusion of his employment with Defendants, Plaintiff was paid an hourly rate.

40. At all times, however, Plaintiff was not compensated at one and one-half times his regular rate of pay for overtime hours worked.

41. Rather, Plaintiff was paid straight time for overtime.

42. Throughout his employment, the number of days Plaintiff was scheduled to work varied.

43. Plaintiff was regularly scheduled to work six days each week.

44. Plaintiff received a meal break of approximately 10 to 30 minutes each day.

45. In 2015, Plaintiff was paid $500 per week.

46. In 2016, Plaintiff was paid $11 per hour.

47. In 2017, Plaintiff was paid $13 per hour.

48. From 2018 through July 1, 2021, Plaintiff was paid $15 per hour.

49. Defendants kept an electronic time record system onsite, however, the owners would only allow eight hours to be recorded for each employee per day.

6

50. Defendants would subsequently record any overtime hours worked for each employee in a notebook maintained by the owners.

51. Each week, Defendants paid Plaintiff for the first 40 hours worked in check and for any overtime hours worked in currency (cash).

### Defendants' Violations of the Wage Theft Protection Act

52. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

53. Throughout the relevant time period, Defendants paid Plaintiff's wages without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

54. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

### FIRST CAUSE OF ACTION
### Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act
### (On Behalf of Plaintiff and the FLSA Collective)

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

7

56. Throughout the relevant time period, Plaintiff and the FLSA Collective worked in excess of 40 hours per work week.

57. At all relevant times throughout his employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of 40 hours per work week, and willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

58. At all relevant times throughout Plaintiff's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of 40 hours per work week.

59. Defendants' decision not to pay overtime to Plaintiff and the FLSA Collective was willful.

60. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime Compensation in Violation of New York Labor Law**
**(On Behalf of Plaintiff)**

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the NYLL § 652 and 12 NYCRR §142-2.2.

63. Defendants failed to pay Plaintiff the overtime premium of one and one-half times the regular hourly rate of pay, in violation of the NYLL.

64. Defendants' failure to pay required overtime was willful.

65. As a result of Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NYLL.

### THIRD CAUSE OF ACTION
### Failure to Provide Annual Wage Notices in Violation of New York Labor Law
### (On Behalf of Plaintiff)

66. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

68. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

69. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## FOURTH CAUSE OF ACTION
### Failure to Provide Wage Statements in Violation of New York Labor Law
### (On Behalf of Plaintiff)

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

71. Defendants willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

72. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

73. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants, RKB Above, Inc. d/b/a Rolly Kimbab, James Kang and Jung Hyun Kang, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime pay due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided for by the FLSA;

(c) Damages for the unpaid overtime pay due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(d) Statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(e) Statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(f) For pre-judgment and post-judgment interest on the foregoing amounts;

(g) For costs and disbursements of this action, including attorneys' fees and expenses;

and,

(h) For such other further and different relief as this Court deems just and proper.

Dated: October 19, 2021
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By: */s/ Jacob Aronauer*
Jacob Aronauer, Esq.
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com
*Attorney for Plaintiff*